IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LAKESHIA RASHAWN EDMOND**, *et al.* | § § § | |
| v. | § § | NO. 4:25-CV-01019-SDJ-BD |
| **HILLWOOD PROPERTY MANAGEMENT**, *et al.* | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff LaKeshia Rashawn Edmond filed a complaint, purportedly on behalf of several plaintiffs, against defendants Hillwood Property Management and its subsidiaries and financial institutions; Tallgrass Village unit 8301; Main Event Alliance Fort Worth Texas; Chucky E Cheese Restaurant; IRS Fort Worth Texas; EECU and its subsidiaries and financial institutions; Nokia Inc. and its subsidiaries and financial institutions; and JP1 Tarrant County Constable Office. Dkt. 1. The case will be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may transfer venue sua sponte, *Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 472 (E.D. Tex. 2020) (citing *Caldwell v. Palmetto State Sav. Bank*, 811 F.3d 916, 919 (5th Cir. 1987), and has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam)).

Edmond's complaint does not allege facts to establish venue in the Eastern District of Texas. Nor does it identify a cause of action. Instead, the complaint lists a series of unrelated demands. From what the court can deduce from the complaint and its attachments, Edmond's allegations center around a tax dispute with the city of Fort Worth. *See* Dkt. 1 at 2 (asserting that Edmonds is

"now due business taxes from the City of Fort Worth Texas, State of Texas ten million dollars"). As such, Edmond's case has "no factual nexus to the Eastern District of Texas," *Ruth v. KLI, Inc.*, 143 F. Supp. 2d 696, 698 (E.D. Tex. 2001), and should be transferred in the interests of justice.

It is **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division.

So **ORDERED** and **SIGNED** this 18th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge